IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANASTASIOS PAPADOPOULOUS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-4163 |
| | : | |
| PETER G. MYLONAS, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                          **September 6, 2011**

## I.    INTRODUCTION

This case involves a claim of legal malpractice.  It was originally filed by Plaintiff

Anastasios Papdopolous in state court.  On June 27, 2011, Defendants removed the case to this

Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  (Doc. No. 1.)

Thereafter, Plaintiff filed a Motion to Remand and Request that the Court consider the Motion

despite it being untimely filed.  (Doc. No. 11.)  Plaintiff also filed a Second Motion to Remand

requesting that the Court rule on the outstanding Motion for Remand prior to determining the

citizenship of Plaintiff.  (Doc. No. 13.)  Defendants are citizens of Pennsylvania and contend that

Plaintiff is a citizen of Greece.  This diversity would support removal because there would be

diversity of citizenship between Plaintiff and Defendants.  Plaintiff's Motions to Remand are

now before the Court for disposition.

In the Motion to Remand, Plaintiff requests that the Court remand the case based on the

"forum defendant rule."  The forum defendant rule is derived from 28 U.S.C. § 1441(b) and

provides that where the basis for removal is diversity of citizenship jurisdiction, a defendant may

not remove the case from state to federal court if the defendant is a citizen of the state in which the action is brought.  Plaintiff requests that despite the Motion to Remand being untimely filed, the Court still consider the Motion because "excusable neglect" under Federal Rule of Civil Procedure 6 allows a court to decide a motion untimely filed.  In the Second Motion to Remand, Plaintiff again requests the Court to remand the case to state court and to delay ruling on the citizenship of Plaintiff until it decides whether the "forum defendant rule" precludes removal here.

For reasons that follow, the Court will grant the Motion to Remand (Doc. No. 11), and deny the request made in the Second Motion to Remand (Doc. No. 13) to delay a decision on the citizenship of Plaintiff.  Accordingly, the case will be remanded to the Court of Common Pleas of Philadelphia County.

## II.    BACKGROUND

Plaintiff Anastasios Papdopolous is a Greek citizen[1] residing in King of Prussia, Pennsylvania.  (Am. Compl., Doc. No. 10 ¶ 2.)  Plaintiff was an officer, director, and stockholder of Corinthian Marble and Tile, Inc. ("Corinthian").  (Id. ¶¶ 4-6.)  Plaintiff, Corinthian, and the remaining shareholders retained Defendant Peter Mylonas to draft a Stockholders' Agreement (Doc. No. 3, Ex. 2.) ("the Agreement"). (Id. ¶¶ 11-12, 15-16.)

---

[1] On August 2, 2011, the Court held a hearing to determine the citizenship of Plaintiff. The Amended Complaint alleges only that Plaintiff "resides" in Pennsylvania, without indicating whether Plaintiff is a United States citizen.  Defendants challenged this residency by attaching as exhibits to the Notice of Removal transcripts of prior court proceedings in which Plaintiff was a party.  (See Doc. No. 1, Exs. 3-5.)  These exhibits show that Plaintiff is a citizen of Greece.  At the hearing to determine the citizenship of Plaintiff, counsel for Plaintiff failed to present any evidence to refute Defendants' contention that Plaintiff is a citizen of Greece.  Based on this evidence and for reasons stated below, the Court finds that Plaintiff is a citizen of Greece.

In the Amended Complaint, Plaintiff alleges that at some point after the Agreement was executed, Defendant Mylonas transferred Corinthian stock of two other shareholders without his consent.  Plaintiff claims that this stock transfer violated the terms of the Agreement, which provides, in pertinent part as follows:

> No stockholder shall sell, assign, mortgage, pledge or otherwise transfer or encumber the shares of the stock of the **COMPANY** now owned or hereafter acquired by him without the prior written **UNANIMOUS** consent of all the other **STOCKHOLDERS**.

(Id. ¶ 16.)  As a result of the stock transfer, Plaintiff alleges he "was constructively and explicitly removed from his role as director and secretary of the corporation and his interest and control of the corporation was extinguished."  (Id. ¶ 31.)

On March 21, 2011, Plaintiff filed a Writ of Summons in the Philadelphia County Court of Common Pleas.  On May 19, 2011, Plaintiff filed the Complaint in state court, alleging one count of professional negligence against Defendant Mylonas and his law firm Peter G. Mylonas, P.C.  As noted, on June 27, 2011, Defendants filed the Notice of Removal to this Court pursuant to 28 U.S.C. § 1441.  (Doc. No. 1.)  Defendants assert diversity of citizenship jurisdiction, 28 U.S.C. § 1332, as the basis for the Court's subject matter jurisdiction.  (Id. ¶ 5.)

On July 1, 2011, Defendants filed a Motion to Dismiss arguing that the Complaint failed to state a claim upon which relief can be granted.  (Doc. No. 3.)  On July 22, 2011, Plaintiff filed an Amended Complaint (Doc. No. 4),[2] a Response in Opposition to the Motion to Dismiss (Doc.

---

[2]  Plaintiff initially filed an Amended Complaint, Docket Number 4, on July 22, 2011. Plaintiff then requested leave to file a revised Amended Complaint with exhibits, which the Court granted.  On August 1, 2011, Plaintiff filed the revised Amended Complaint with exhibits, Docket Number 10.  The Court will be referring to the revised Amended Complaint (Doc. No. 10) in this Opinion.

No. 5), and requested leave of court to file a revised Amended Complaint and additional exhibits. On July 25, 2011, the Court denied the Motion to Dismiss as moot in light of the filing of the Amended Complaint. (Doc. No. 6.) That same day, the Court granted Plaintiff's Request for Leave to File of Record the revised Amended Complaint and additional exhibits (Doc. No. 7), which were filed on August 1, 2011. (Doc. No. 10.)

Because the citizenship of Plaintiff was not evident in the Amended Complaint, the Court ordered that the parties appear for a hearing to determine the citizenship of Plaintiff and the subject matter jurisdiction of the Court. (Doc. No. 8.) On August 2, 2011, the Court held a hearing. At the hearing, Defendant presented evidence that Plaintiff is a citizen of Greece. Plaintiff failed to present any evidence to the contrary. Also at the hearing, Plaintiff made an oral Motion to Remand arguing that the "forum defendant rule" of § 1441(b) prohibits removal in this case because Defendants are citizens of the forum state, which is Pennsylvania, the state in which Plaintiff filed the Complaint. Under these circumstances, Defendants would be barred from removing the case based on diversity of citizenship jurisdiction. On August 3, 2011, Plaintiff filed a written Motion to Remand. (Doc. No. 11.) One week later, Plaintiff filed a Second Motion to Remand requesting that the Court decide the outstanding Motion to Remand prior to determining the citizenship of Plaintiff. (Doc. No. 13.)

On August 17, 2011, Defendants filed a Response in Opposition to both Motions to Remand. (Doc. Nos. 14, 15.) Defendants assert that the "forum defendant rule" is procedural in nature and does not concern the subject matter jurisdiction of the Court. Therefore, according to Defendants, a Motion to Remand based on this rule must be raised by motion no later than 30 days after the filing of the Notice of Removal and may not be raised by the Court *sua sponte*.

Here, Plaintiff filed the Motion to Remand more than 30 days after the filing of the Notice of Removal. Thus, Defendants submit that the Court must deny the Motion to Remand as untimely. With respect to Plaintiff's request that the Court decide the Motion to Remand prior to determining the citizenship of the Plaintiff, Defendants assert that because the citizenship of Plaintiff is crucial to diversity of citizenship jurisdiction of the Court, the citizenship of Plaintiff must be initially determined.

The Court agrees with Defendant that it must determine the citizenship of Plaintiff to establish subject matter jurisdiction over this case. Accordingly, the Court will deny Plaintiff's request that the Court consider the Motion to Remand prior to making a finding on the citizenship of Plaintiff (Doc. No. 13). Further, the Court agrees with Defendant that the "forum defendant rule" is procedural in nature and does not concern the subject matter jurisdiction of the Court. Therefore, a Motion to Remand based on this rule should have been filed within 30 days after the filing of the Notice of Removal. Although the Motion to Remand was untimely, Plaintiff has made a showing of excusable neglect and for reasons that follow, the Court will grant the Motion to Remand (Doc. No. 11).

## III.    DISCUSSION

### A.    <u>Citizenship of Plaintiff</u>

In the Notice of Removal, Defendants assert diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for the subject matter jurisdiction of the Court. Section 1332 provides in relevant part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

5

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

This Section requires (1) that the amount in controversy exceeds $75,000, and (2) that plaintiff and defendant be citizens of difference states, or that plaintiff or defendant be a citizen of a state and the other be a citizen or subject of a foreign state.  Here, it is undisputed that the amount in controversy exceeds $75,000.  The parties dispute whether Plaintiff is a "citizen" of Pennsylvania or a "citizen" of Greece for the purpose of diversity of citizenship jurisdiction.

Under Section 1332, a party's citizenship is determined by his or her domicile, which has been described as follows:

" '[T]he domicile of an individual is his true, fixed and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning.' "  Thus, domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely.  When the objective and subjective concur, one's domicile is immediately established.
 . . .
[A]n individual's domicile changes instantly if he "takes up residence at the new domicile" and "intend[s] to remain there."  But " '[a] domicile once acquired is presumed to continue until it is shown to have been changed.' "
"This principle," we said in McCann, "gives rise to a presumption favoring an established domicile over a new one."

Washington v. Hovensa LLC, No. 10-2328, 2011 WL 2899598, at *4 (3d Cir. July 21, 2011).

6

Plaintiff asserts that since Plaintiff has been living in Pennsylvania for decades and has by his actions established his intent to remain here, Plaintiff is domiciled in Pennsylvania and therefore is a citizen of Pennsylvania.  Defendants assert that despite Plaintiff's continued "residence" in Pennsylvania and his representation that he intends to reside in Pennsylvania permanently, he is not a "citizen" of Pennsylvania, because he is not a "citizen" of the United States.

The Court agrees with Defendants.  Although Plaintiff "resides" in Pennsylvania, according to the text of Section 1332, a resident alien is considered a "citizen" of the state in which he resides only where such alien is "admitted to the United States for permanent residence."  Thus, for a resident alien to be "domiciled" in the state in which he resides, and therefore to be a citizen of that state, he must be admitted to the United States for permanent residence and possess a green card.  Foy v. Schantz, Schatzman & Aaronson, 108 F.3d 1347, 1349 (11th Cir. 1997).

Here, based on the evidence submitted as exhibits to the pleadings, including transcript testimony of Plaintiff, and the representation of the parties at the August 2, 2011 hearing, Plaintiff does not possess a green card.  Having not been admitted to the United States for permanent residence, Plaintiff is not domiciled in Pennsylvania.  Plaintiff has not evidenced his intent to remain in Pennsylvania indefinitely by obtaining permanent residency status.  Plaintiff therefore retains his previous domicile and Greek citizenship.  Consequently, Plaintiff is a citizen of Greece and the Court has diversity of citizenship jurisdiction over this case, Defendants being citizens of Pennsylvania.

7

**B.**    **Forum Defendant Rule and Timeliness of Motion to Remand**

Title 28, United States Code, Section 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The "forum defendant rule" refers to the prohibition of § 1441(b) that a defendant may not remove a case from state to federal court where defendant is a citizen of the state in which the action is brought and diversity of citizenship jurisdiction is the basis of the court's subject matter jurisdiction.  Here, it is undisputed that Defendants are citizens of Pennsylvania, the state in which the action was brought.  It is also undisputed that Defendants assert diversity of citizenship jurisdiction as the basis for the subject matter jurisdiction of the Court.  Accordingly, it is evident that § 1441(b) prohibits removal in this case.

However, "removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction."  Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50-51 (3d Cir. 1995).  Instead, it is considered a procedural defect in the removal process.  Id.  Although a court may remand a case *sua sponte* where it lacks subject matter jurisdiction, it may not do so where the defect is one arising from a removal pursuant to

Section 1441(b).  <u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611, 613 (3d Cir. 2003).  Thus, remand on the basis of the forum defendant rule requires a timely motion by a plaintiff pursuant to 28 U.S.C. § 1447(c).

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Here, the Notice of Removal was filed on June 27, 2011.  A motion to remand on the basis of a procedural defect, such as removal by a forum state defendant, was due on or before July 26, 2011.  Plaintiff filed his Motion to Remand on August 3, 2011.  It was therefore untimely.

A court may consider an untimely motion to remand only where a motion for an extension of time to file the remand motion is made and a showing of excusable neglect is established.  Fed. R. Civ. P. 6(b)(1)(B).  This Rule provides:

> (1)  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>
>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Since Plaintiff did not request an extension of time to file the remand motion during the 30-day period after removal, the Court may only extend the time upon a showing of excusable neglect pursuant to Rule 6(b)(1)(B).

In <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380,

> 392, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court explained that, for Rule 6(b) purposes, excusable neglect is an "elastic concept." In assessing whether a party's neglect is excusable, a court must take into account "all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the cause of the delay was within the reasonable control of the moving party; and (4) whether the movant acted in good faith. Id. at 395, 113 S. Ct. 1489. We have also considered the diligence of the moving party as well as whether the asserted inadvertence reflects either professional incompetence or an "easily manufactured excuse incapable of verification by the court." In re Cendant Corp., 189 F.R.D. 321, 324 (D.N.J.1999) (citing Dominic v. Hess Oil Corp., 841 F.2d 513, 517 (3d Cir.1988)).

Kimberg v. University of Scranton, 411 F. App'x 473, 477 (3d Cir. 2010).

Counsel for Plaintiff attributes the delay in filing the Motion to Remand to a "state of flux" caused by the moving of his practice from the suburbs to the city of Philadelphia. He offers the following explanation: "During this transition period which occurred over the course of 1-2 months, there were roughly 75-100 banker boxes in transition, addresses changed, as well as the court notices had to be updated to the new email addresses which had also changed." (Doc. No. 11 at 12-13.) Counsel for Defendants was made aware of this transition. While it would have been prudent to make the Court aware of this transition and to request an extension of time to file the Motion to Remand prior to the expiration of the relevant time period, there is no evidence that Plaintiff acted in bad faith in failing to do so.

In addition, the length of the delay in filing the Motion to Remand, which was approximately one week, is minimal compared to the impact the legal issue presented by the Motion to Remand will have on the case. Although Defendants will be prejudiced by the Motion to Remand in the sense that the Court will remand the case to state court over their objection,

Defendants, as citizens of the forum state, will not in reality be prejudiced because they still may defend the case in state court.

These considerations support a finding of excusable neglect in this case.  Accordingly, the Court will grant Plaintiff's request that the Court consider the Motion to Remand despite it being untimely filed.  As stated, the "forum defendant rule" prohibits removal by a defendant who is a citizen of the state in which the action is brought where jurisdiction is based on diversity of citizenship.  28 U.S.C. § 1441(b).  Here, Defendants are both citizens of Pennsylvania, the state in which the Complaint was filed.  Defendants asserted diversity of citizenship jurisdiction as the basis for the jurisdiction of the Court.  Thus, removal was procedurally improper.  On this basis, the Court will grant the Motion to Remand.

IV.     CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Remand (Doc. No. 11) and will deny the Second Motion to Remand which requests that the Court determine the outstanding Motion to Remand prior to determining the citizenship of Plaintiff (Doc. No. 13).  The Court will remand the case to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

11