IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANASTASIOS PAPADOPOULOUS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-4163 |
| | : | |
| PETER G. MYLONAS, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.**                                                                 **October 11, 2011**

**I.     INTRODUCTION**

Before the Court is Defendants' Motion for Reconsideration of the September 6, 2011 Order Granting Plaintiff's Motion for Remand.  (Doc. No. 19.)  The Court has reviewed Defendants' Motion and supporting exhibits, Plaintiff's Response to Defendants' Motion for Reconsideration (Doc. No. 20), the Court Order dated September 6, 2011 granting the Motion to Remand (Doc. No. 18), and the Opinion accompanying the September 6, 2011 Order (Doc. No. 17).  For reasons that follow, the Court will grant Defendants' Motion for Reconsideration, restore this case to the Court's docket, and direct the Clerk of Court to obtain the case file from the Court of Common Pleas of Philadelphia County.

**II.    BACKGROUND**

This case involves a claim of legal malpractice.  On May 19, 2011, Plaintiff Anastasios Papadopoulous filed his original Complaint in the Court of Common Pleas of Philadelphia County against Defendants Peter G. Mylonas, Esquire, and Peter G. Mylonas, P.C.  On June 27, 2011, Defendants removed the case to this Court based on diversity of citizenship jurisdiction

pursuant to 28 U.S.C. § 1332. (Doc. No. 1.) Thereafter, Plaintiff filed an untimely Motion to Remand and requested that the Court not deny the Motion for being filed untimely but to consider it on the merits. (Doc. No. 11.) Plaintiff also filed a Second Motion to Remand requesting that the Court rule on the outstanding Motion for Remand prior to determining the citizenship of Plaintiff.[1] (Doc. No. 13.)

Plaintiff sought remand based on the "forum defendant rule." The forum defendant rule is codified in 28 U.S.C. § 1441(b), which provides that where the basis for removal is diversity of citizenship jurisdiction, a defendant may not remove the case from a state court to a federal court where the defendant is a citizen. A motion to remand must be filed within 30 days of removal. 28 U.S.C. 1447(c). Plaintiff did not file the motion within the 30-day time period. As noted, despite the Motion to Remand being untimely filed, Plaintiff asked the Court to extend the 30-day requirement because of "excusable neglect" under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. In the Second Motion to Remand, Plaintiff asked the Court again to remand the case to state court, and to delay ruling on the citizenship of Plaintiff until deciding whether the "forum defendant rule" precludes removal here.

Plaintiff Anastasios Papdopolous is a Greek citizen residing in King of Prussia,

---

[1] On August 2, 2011, the Court held a hearing to determine the citizenship of Plaintiff. The Amended Complaint alleges only that Plaintiff "resides" in Pennsylvania, without indicating whether Plaintiff is a United States citizen. Defendants challenged this residency by attaching as exhibits to the Notice of Removal transcripts of prior court proceedings in which Plaintiff was a party. (See Doc. No. 1, Exs. 3-5.) These exhibits show that Plaintiff is a citizen of Greece. At the hearing to determine the citizenship of Plaintiff, counsel for Plaintiff failed to present any evidence to refute Defendants' contention that Plaintiff is a citizen of Greece. Based on this evidence and for reasons stated in the September 6, 2011 Opinion, this Court held that Plaintiff is a citizen of Greece. Moreover, at this hearing, Plaintiff's counsel raised for the first time the issue that Defendants, as residents of Pennsylvania, improperly removed this case to this Court under 28 U.S.C. 1441(b).

Pennsylvania.  (Am. Compl., Doc. No. 10 ¶ 2.)  Plaintiff was an officer, director, and stockholder of Corinthian Marble and Tile, Inc. ("Corinthian").  (Id. ¶¶ 4-6.)  Plaintiff, Corinthian, and the remaining Corinthian shareholders retained Defendant Peter Mylonas to draft a Stockholders' Agreement.  (Doc. No. 3, Ex. 2) ("the Agreement"); (Doc. No. 10, ¶¶ 11-12, 15-16.)

In the Amended Complaint, Plaintiff alleges that at some point after the Agreement was executed, Defendant Mylonas transferred Corinthian stock to two other shareholders without his consent.  Plaintiff claims that this stock transfer violated a restrictive covenant in the Agreement, which provides, in pertinent part, as follows:

> No stockholder shall sell, assign, mortgage, pledge or otherwise transfer or encumber the shares of the stock of the **COMPANY** now owned or hereafter acquired by him without the prior written **UNANIMOUS** consent of all the other **STOCKHOLDERS**.

(Id. ¶ 16.)  As a result of the stock transfer, Plaintiff alleges he "was constructively and explicitly removed from his role as director and secretary of the corporation and his interest and control of the corporation was extinguished."  (Id. ¶ 31.)

On March 21, 2011, Plaintiff filed a Writ of Summons in the Philadelphia County Court of Common Pleas.  On May 19, 2011, Plaintiff filed his initial Complaint in state court, alleging one count of professional negligence against Defendant Mylonas and his law firm Peter G. Mylonas, P.C.  On June 27, 2011, Defendants filed the Notice of Removal to this Court pursuant to 28 U.S.C. § 1441.  (Doc. No. 1.)  Defendants asserted diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction.  (Id. ¶ 5.)

On July 1, 2011, Defendants filed a Motion to Dismiss, arguing that the Complaint failed to state a claim upon which relief can be granted.  (Doc. No. 3.)  On July 22, 2011, Plaintiff filed

an Amended Complaint (Doc. No. 4)[2] and a Response in Opposition to the Motion to Dismiss (Doc. No. 5).  On July 25, 2011, the Motion to Dismiss was denied as moot in light of the filing of the Amended Complaint.  (Doc. No. 6.)  That same day, the Court granted Plaintiff's Request for Leave to File of Record the revised Amended Complaint and additional exhibits (Doc. No. 7), which were filed on August 1, 2011.  (Doc. No. 10.)

Because the citizenship of Plaintiff was not evident in the Amended Complaint, the Court ordered the parties to appear for a hearing to determine the citizenship of Plaintiff and the subject matter jurisdiction of the Court.  (Doc. No. 8.)  On August 2, 2011, the Court held a hearing, where Defendants presented evidence that Plaintiff is a citizen of Greece.  Plaintiff failed to present any evidence to the contrary.  At the hearing, Plaintiff also made the oral Motion to Remand, arguing for the first time that the "forum defendant rule" of 28 U.S.C. § 1441(b) prohibits removal to this Court sitting in the Eastern District of Pennsylvania because Defendants are citizens of the forum state, which is Pennsylvania, the state in which Plaintiff filed the Complaint.  Under these circumstances, Defendants would be barred from removing the case based on diversity of citizenship jurisdiction.  On August 3, 2011, Plaintiff filed a written Motion to Remand based on the "forum defendant rule."  (Doc. No. 11.)  One week later, Plaintiff filed a Second Motion to Remand requesting that the Court decide the outstanding Motion to Remand prior to determining the citizenship of Plaintiff.  (Doc. No. 13.)

On August 17, 2011, Defendants filed Responses in Opposition to both Motions to

---

[2] Plaintiff initially filed an Amended Complaint on July 22, 2011.  (Doc. No. 4.) Plaintiff then requested leave to file a revised Amended Complaint with exhibits, which the Court granted.  On August 1, 2011, Plaintiff filed the revised Amended Complaint with exhibits. (Doc. No. 10.)  The Court is referring to the revised Amended Complaint in this Opinion.

Remand.  (Doc. Nos. 14 & 15.)  Defendants asserted that the "forum defendant rule" is procedural in nature and does not concern the subject matter jurisdiction of the Court.  Therefore, according to Defendants, a Motion to Remand based on this rule must be made by motion no later than 30 days after the filing of the Notice of Removal.  In this case, the date of removal was June 27, 2011.  Plaintiff first made the Motion to Remand at the hearing on August 2, 2011, more than 30 days after the filing of the Notice of Removal.  On August 3, 2011, Plaintiff filed the written Motion to Remand.  Thus, as Defendants have argued, the Motion to Remand was untimely filed.  With respect to Plaintiff's request that the Court decide the Motion to Remand prior to determining the citizenship of Plaintiff, Defendants asserted that because the citizenship of Plaintiff is critical to the Court's diversity of citizenship jurisdiction, the citizenship of Plaintiff must be determined initially.

In the September 6, 2011 Opinion, this Court agreed with Defendants that it must determine the citizenship of Plaintiff to establish subject matter jurisdiction.  Thus, the Court in effect denied Plaintiff's request that the Court consider the Motion to Remand prior to determining the citizenship of Plaintiff.  Further, the Court agreed with Defendants that the "forum defendant rule" is procedural in nature and does not concern the subject matter jurisdiction of the Court.  The Court found that a Motion to Remand was not filed within 30 days after the filing of the Notice of Removal and was therefore untimely.

Although the Motion was untimely, the Court determined that Plaintiff made a showing of "excusable neglect" pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides:

(1)  When an act may or must be done within a specified time, the court may, for good

cause, extend the time:

>             * * *
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Specifically, Plaintiff's counsel represented that he missed the 30-day filing deadline because his offices were "in a state of flux" during an office move. (Doc. No. 17.) Because of this showing by Plaintiff's counsel, the Court found "excusable neglect" and granted Plaintiff's Motion to Remand. (Doc. Nos. 17 & 18.)

Thereafter, Defendants filed the Motion for Reconsideration. Defendants make two arguments in support of the Motion. First, they argue that no legal authority allows the extension of the 30-day filing deadline set forth in 28 U.S.C. § 1447(c). Second, they contend that "Plaintiff's representation to this Court that his counsel was unable to file a Motion for Remand due to an offices [sic] move is . . . contradicted by counsel's filings in other lawsuits." (Doc. No. 19 at 5.) In a Response made on September 26, 2011 to the latter contention, Plaintiff's counsel asserts that his offices are "still in a state of flux" to this date. (Doc. No. 20 at 3.) Considering the arguments of both parties, the Court is persuaded that the Motion for Reconsideration should be granted.

## III.   STANDARD OF REVIEW

A court may grant a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Since courts have a strong interest in "the finality of judgments," courts should grant motions for reconsideration sparingly. Douris v. Schweiker, 229 F. Supp.2d 391, 408 (E.D. Pa. 2002). A motion for reconsideration must rely on one of three grounds: "'(1) an intervening

change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.'" Berger v. Zeghibe, No. 08-5861, 2010 WL 3768379, at *2 (E.D. Pa. Sep. 24, 2010) (quoting N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not to be used as a means to reargue matters already disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 19, 2001) (quoting Waye v. First Citizens's Nat'l Bank, 846 F. Supp. 310, 314 n. 3 (M.D. Pa. 1994), *aff'd* 31 F.3d 1175 (3d Cir. 1994)).  See also Cole v. Warden of Allenwood, No. 05-1342, 2010 WL 3805636, at *1 (M.D. Pa. June 16, 2010) (quoting Ogden v. Keystone Residence, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002)).  Furthermore, "[a] motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp.2d 394, 398 (E.D. Pa. 2002).

**IV.   DISCUSSION**

Defendants seek reconsideration of the September 6, 2011 Order and Opinion granting Plaintiff's Motion for Remand because the circumstances surrounding Plaintiff's representations do not constitute "excusable neglect."[3]  After considering the evidence presented by Defendants

---

[3] In the first argument in support of the Motion for Reconsideration, Defendants disagree with the Court's ruling that it possesses authority to extend the 30-day filing deadline of 28 U.S.C. § 1447(c) pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.  Although the Third Circuit has not decided whether a District Court may extend the deadline for untimely filings of a motion to remand upon a showing of excusable neglect under Rule 6(b)(1)(B), there is authority to suggest that a district court may do so.  In Ramos v. Quien, heavily relied upon by Defendants in their Motion, Judge Baylson discussed Rule 6(b)(1)(B).  Ramos v. Quien, 631

as well as Plaintiff's response, Defendants' Motion for Reconsideration will be granted.

In granting Plaintiff's Motion for Remand, the Court applied Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which permits a court to consider an untimely act only where a motion for an extension of time is made and the moving party establishes a showing of excusable neglect. This Rule provides:

> (1) When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Initially, Plaintiff's counsel represented that his offices were in a "state of flux" which warranted a finding of excusable neglect. Counsel had attributed the delay in filing the Motion to Remand to a 'state of flux' caused by moving his practice from the suburbs to the city of Philadelphia. (Doc. No. 17 at 10.) As Counsel explained then, "During this transition period which occurred over the course of 1-2 months, there were roughly 75-100 banker boxes in transition, addresses changed, as well as the court notices had to be updated to the new email addresses which had also changed." (Doc. No. 11 at 12-13; Doc. No. 17 at 10.) In addressing this excuse, the Court reasoned, "While it would have been prudent to make the Court aware of this transition and to request an extension of time to file the Motion to Remand prior to the

---

F.Supp.2d 601, 609 (E.D. Pa. 2008). Judge Baylson did not hold that Rule 6(b)(1)(B) is not applicable to the 30-day filing deadline of 28 U.S.C. 1447(c). Id. Instead, he found on the merits that counsel's time constraints did not provide good cause for excusable neglect under Rule 6(b)(1)(B). Id. at 610. Because no Third Circuit decision holds otherwise, the issue remains open in this Circuit.

expiration of the relevant time period, there is no evidence that Plaintiff acted in bad faith in failing to do so." (Doc. No. 17 at 10.)

As noted previously, one of the grounds allowing a court to grant a motion for reconsideration is "the availability of new evidence not available previously." Berger, 2010 WL 3768379, at *2 (quoting N. River Ins. Co., 52 F.3d at 1218). Defendants have now presented evidence that Plaintiff's counsel was established in his new office in May 2011. (Doc. No. 19 ¶ 24.) From May 2, 2011 to May 20, 2011, the office address Plaintiff's counsel listed on three court filings was "The Beasley Building, 1125 Walnut Street, Philadelphia, PA." (Doc. No. 19 ¶¶ 24a, 24c, 24d.) Also, in a motion filed on May 11, 2011 requesting an extension of time to file a response in the Court of Common Pleas of Philadelphia County, Plaintiff's counsel attested:

> I have just recently established an Of Counsel relationship with The Beasley Firm and I am in the process of moving my practice into the Beasley Building. My office is currently in a state of flux with the move and making sure all my systems are working network, computer, e-mail, electronic filing, scanning, in additional [sic] to dealing with furniture, letterhead, and the like will be challenging. It is the plan to be set-up next week; however I am relying on tech people and I cannot be sure.

(Doc. No. 19 Ex. D.)

In his September 26, 2011 response to Defendants' motion, Plaintiff's counsel "emphatically" denies Defendants' suggestions that he was already established in his office as of May 2011, arguing that "[i]n fact, my offices are still in a state of flux and the move - even to date - has not been fully consummated." (Doc. No. 20 at 3.) However, in his Motion to Remand, Plaintiff's counsel represented that this transition period **occurred** over the course of 1-2 months, which is why he needed the extension of time to file his Motion. To state now that this transition

is still **occurring** contradicts the prior position taken and undermines the claim of excusable neglect.

The circumstances highlighted by Defendants as well as Plaintiff's newly asserted contradictory response compels that the Motion for Reconsideration be granted.[4]  Although the Court recognizes that there are delays associated with moving a law office, the length of time Plaintiff's counsel relies on to excuse compliance with filing deadlines in procedural and statutory rules is implausible.  Plaintiff had represented that the "state of flux" had occurred during the 30-day period, and it was based upon this representation that Plaintiff's original Motion to Remand was granted.[5]  The new information, however, warrants that Defendants' Motion for Reconsideration be granted.

---

[4]  The new evidence relied upon by the Court also establishes that manifest injustice would result if the Court did not grant the Motion for Reconsideration.  See Mobil Oil Corp. v. Amoco Corp., 915 F. Supp. 1333, 1377 (D. Del. 1995) (granting a motion to amend damage award necessary to prevent manifest injustice when prevailing party failed to introduce proper calculations and court's determination applied wrong measure).  Here, the Court's original decision on excusable neglect was based on inadequate information which has been supplemented by the Motion for Reconsideration and the Response.

[5]  Plaintiff's Motion to Remand was granted under the belief that the assertion of Plaintiff's counsel that his office was in a "state of flux" was an isolated occurrence. There was no evidence that counsel acted in bad faith.  However, new evidence shows that the "state of flux" was not an isolated occurrence.  Even if the office of Plaintiff's counsel remained in a "state of flux" from May to September, despite a previous representation to the contrary, this "state of flux" no longer is an isolated reason for neglect as this Court had previously believed. Rather, the length of time makes it more akin to a time constraint which Plaintiff's counsel has in his practice.  This is not a good cause for excusable neglect.  In Ramos, for example, plaintiff's counsel sought an extension of time under Rule 6(b)(1)(B) due to financial and time constraints in proceeding with litigation.  631 F. Supp.2d at 610.  The court denied an extension of time to meet the 30-day filing deadline under 28 U.S.C. § 1447(c), finding that "[t]ime constraints are inherent in the legal profession, and this Court will not recognize that a heavy caseload, by itself, constitutes "good cause" for "excusable neglect," especially when Plaintiff has not provided the Court with any details regarding how this constraint specifically affected counsel's ability to move to remand in a timely fashion."  Id.

**V.    CONCLUSION**

For the above reasons, the Court will grant the Motion for Reconsideration. (Doc. No. 19.) The Court will restore this case to the Court's docket and direct the Clerk of Court to obtain the case file from the Court of Common Pleas of Philadelphia County.