IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANASTASIOS PAPADOPOULOUS, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 11-4163 |
| PETER G. MYLONAS, et al., | : | |
| Defendants. | : | |

**OPINION**

**Slomsky, J.** **October 31, 2011**

## I. INTRODUCTION

By Order of October 13, 2011, counsel for Plaintiff and Defendants were directed to file memoranda of law on the issue of whether this Court had jurisdiction to decide the Motion for Reconsideration. (Doc. No. 23.) Before the Court are the memoranda of law from counsel for all parties. (Doc. Nos. 24 & 25.) For reasons that follow, the Court will vacate the October 11, 2011 Order granting Defendants' Motion to Reconsider (Doc. No. 22), which will allow this case to remain in state court where it has been since a certified copy of the September 6, 2011 Order granting remand was mailed to state court by the Clerk of Court (Doc. No. 18).

## II. BACKGROUND[1]

This case involves a claim of legal malpractice. On May 19, 2011, Plaintiff Anastasios Papadopoulous filed his original Complaint in the Court of Common Pleas of Philadelphia County against Defendants Peter G. Mylonas, Esquire, and Peter G. Mylonas, P.C. On June 27,

[1] The factual information in the "Background" section of this Opinion, save for several updates, is also contained in the Opinion dated October 11, 2011 granting the Motion for Reconsideration.

2011, Defendants removed the case to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1.) Thereafter, Plaintiff filed an untimely Motion to Remand and requested that the Court not deny the Motion for being filed untimely but to consider it on the merits. (Doc. No. 11.) Plaintiff also filed a Second Motion to Remand requesting that the Court rule on the outstanding Motion for Remand prior to determining the citizenship of Plaintiff.[2] (Doc. No. 13.)

Plaintiff sought remand based on the "forum defendant rule." The forum defendant rule is codified in 28 U.S.C. § 1441(b), which provides that where the basis for removal is diversity of citizenship jurisdiction, a defendant may not remove the case from a state court to a federal court where the defendant is a citizen. A motion to remand must be filed within 30 days of removal. 28 U.S.C. § 1447(c). Plaintiff did not file the motion within the 30-day time period. As noted, despite the Motion to Remand being untimely filed, Plaintiff asked the Court to extend the 30-day requirement because of "excusable neglect" under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. In the Second Motion to Remand, Plaintiff asked the Court again to remand the case to state court, and to delay ruling on the citizenship of Plaintiff until deciding whether the "forum defendant rule" precludes removal here.

---

[2] On August 2, 2011, the Court held a hearing to determine the citizenship of Plaintiff. The Amended Complaint alleges only that Plaintiff "resides" in Pennsylvania, without indicating whether Plaintiff is a United States citizen. Defendants challenged this residency by attaching as exhibits to the Notice of Removal transcripts of prior court proceedings in which Plaintiff was a party. (See Doc. No. 1, Exs. 3-5.) These exhibits show that Plaintiff is a citizen of Greece. At the hearing to determine the citizenship of Plaintiff, counsel for Plaintiff failed to present any evidence to refute Defendants' contention that Plaintiff is a citizen of Greece. Based on this evidence and for reasons stated in the September 6, 2011 Opinion, this Court held that Plaintiff is a citizen of Greece. Moreover, at this hearing, Plaintiff's counsel raised for the first time the issue that Defendants, as residents of Pennsylvania, improperly removed this case to this Court under 28 U.S.C. 1441(b).

Plaintiff Anastasios Papadopolous is a Greek citizen residing in King of Prussia, Pennsylvania. (Am. Compl., Doc. No. 10 ¶ 2.) Plaintiff was an officer, director, and stockholder of Corinthian Marble and Tile, Inc. ("Corinthian"). (Id. ¶¶ 4-6.) Plaintiff, Corinthian, and the remaining Corinthian shareholders retained Defendant Peter Mylonas to draft a Stockholders' Agreement. (Doc. No. 3, Ex. 2) ("the Agreement"); (Doc. No. 10, ¶¶ 11-12, 15-16.)

In the Amended Complaint, Plaintiff alleges that at some point after the Agreement was executed, Defendant Mylonas transferred Corinthian stock to two other shareholders without his consent. Plaintiff claims that this stock transfer violated a restrictive covenant in the Agreement, which provides, in pertinent part, as follows:

> No stockholder shall sell, assign, mortgage, pledge or otherwise transfer or encumber the shares of the stock of the **COMPANY** now owned or hereafter acquired by him without the prior written **UNANIMOUS** consent of all the other **STOCKHOLDERS**.

(Id. ¶ 16.) As a result of the stock transfer, Plaintiff alleges he "was constructively and explicitly removed from his role as director and secretary of the corporation and his interest and control of the corporation was extinguished." (Id. ¶ 31.)

On March 21, 2011, Plaintiff filed a Writ of Summons in the Philadelphia County Court of Common Pleas. On May 19, 2011, Plaintiff filed his initial Complaint in state court, alleging one count of professional negligence against Defendant Mylonas and his law firm Peter G. Mylonas, P.C. On June 27, 2011, Defendants filed the Notice of Removal to this Court pursuant to 28 U.S.C. § 1441. (Doc. No. 1.) Defendants asserted diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction. (Id. ¶ 5.)

On July 1, 2011, Defendants filed a Motion to Dismiss, arguing that the Complaint failed

to state a claim upon which relief can be granted. (Doc. No. 3.) On July 22, 2011, Plaintiff filed an Amended Complaint (Doc. No. 4)[3] and a Response in Opposition to the Motion to Dismiss (Doc. No. 5). On July 25, 2011, the Motion to Dismiss was denied as moot in light of the filing of the Amended Complaint. (Doc. No. 6.) That same day, the Court granted Plaintiff's Request for Leave to File of Record the revised Amended Complaint and additional exhibits (Doc. No. 7), which were filed on August 1, 2011. (Doc. No. 10.)

Because the citizenship of Plaintiff was not evident in the Amended Complaint, the Court ordered the parties to appear for a hearing to determine the citizenship of Plaintiff and the subject matter jurisdiction of the Court. (Doc. No. 8.) On August 2, 2011, the Court held a hearing, where Defendants presented evidence that Plaintiff is a citizen of Greece. Plaintiff failed to present any evidence to the contrary. At the hearing, Plaintiff also made the oral Motion to Remand, arguing for the first time that the "forum defendant rule" of 28 U.S.C. § 1441(b) prohibits removal to this Court sitting in the Eastern District of Pennsylvania because Defendants are citizens of the forum state, which is Pennsylvania, the state in which Plaintiff filed the Complaint. Under these circumstances, Defendants would be barred from removing the case based on diversity of citizenship jurisdiction. On August 3, 2011, Plaintiff filed a written Motion to Remand based on the "forum defendant rule." (Doc. No. 11.) One week later, Plaintiff filed a Second Motion to Remand requesting that the Court decide the outstanding Motion to Remand prior to determining the citizenship of Plaintiff. (Doc. No. 13.)

---

[3] Plaintiff initially filed an Amended Complaint on July 22, 2011. (Doc. No. 4.) Plaintiff then requested leave to file a revised Amended Complaint with exhibits, which the Court granted. On August 1, 2011, Plaintiff filed the revised Amended Complaint with exhibits. (Doc. No. 10.) The Court is referring to the revised Amended Complaint in this Opinion.

On August 17, 2011, Defendants filed Responses in Opposition to both Motions to Remand. (Doc. Nos. 14 & 15.) Defendants asserted that the "forum defendant rule" is procedural in nature and does not concern the subject matter jurisdiction of the Court. Therefore, according to Defendants, a Motion to Remand based on this rule must be made by motion no later than 30 days after the filing of the Notice of Removal. In this case, the date of removal was June 27, 2011. Plaintiff first made the Motion to Remand at the hearing on August 2, 2011, more than 30 days after the filing of the Notice of Removal. On August 3, 2011, Plaintiff filed the written Motion to Remand. Thus, as Defendants have argued, the Motion to Remand was untimely filed. With respect to Plaintiff's request that the Court decide the Motion to Remand prior to determining the citizenship of Plaintiff, Defendants asserted that because the citizenship of Plaintiff is critical to the Court's diversity of citizenship jurisdiction, the citizenship of Plaintiff must be determined initially.

In the September 6, 2011 Opinion, this Court agreed with Defendants that it must determine the citizenship of Plaintiff to establish subject matter jurisdiction. Thus, the Court in effect denied Plaintiff's request that the Court consider the Motion to Remand prior to determining the citizenship of Plaintiff. Further, the Court agreed with Defendants that the "forum defendant rule" is procedural in nature and does not concern the subject matter jurisdiction of the Court. The Court found that a Motion to Remand was not filed within 30 days after the filing of the Notice of Removal and was therefore untimely.

Although the Motion was untimely, the Court determined that Plaintiff made a showing of "excusable neglect" pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, which provides:

(1) When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> * * *
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Specifically, Plaintiff's counsel represented that he missed the 30-day filing deadline because his offices were "in a state of flux" during an office move. (Doc. No. 17.) Because of this showing by Plaintiff's counsel, the Court found "excusable neglect" and granted Plaintiff's Motion to Remand. (Doc. Nos. 17 & 18.)

Thereafter, Defendants filed the Motion for Reconsideration. (Doc. No. 19.) Defendants made two arguments in support of the Motion. First, they argued that no legal authority allows the extension of the 30-day filing deadline set forth in 28 U.S.C. § 1447(c). Second, they contended that "Plaintiff's representation to this Court that his counsel was unable to file a Motion for Remand due to an offices [sic] move is . . . contradicted by counsel's filings in other lawsuits." (Doc. No. 19 at 5.) In a Response made on September 26, 2011 to the latter contention, Plaintiff's counsel asserted that his offices were "still in a state of flux." (Doc. No. 20 at 3.) On October 11, 2011, the Court granted Defendants' Motion for Reconsideration. (Doc. Nos. 21 & 22.)

However, on October 13, 2011, upon becoming aware that a certified copy of the Court's September 6, 2011 Order granting remand was sent by the Clerk of Court to the Court of Common Pleas of Philadelphia County, the Court directed counsel for all parties to submit memoranda of law regarding whether this Court had jurisdiction to decide the motion for

reconsideration once the certified copy of the September 6, 2011 Order was sent to the clerk of state court. (Doc. No. 23.) Defendants maintain that this Court possessed legal authority to reconsider the Order remanding the case to state court and that the reconsideration Order reversing the remand Order should be allowed to stand. (Doc. No. 24 at 2.) Plaintiff, on the other hand, argues that the Court did not have jurisdiction to decide the Motion for Reconsideration once a certified copy of the Order remanding the case had been sent by the Clerk of Court to the Court of Common Pleas of Philadelphia County. (Doc. No. 25 at 2.) Considering the arguments of both parties, as well as clear Third Circuit precedent, the Court is persuaded that it had no jurisdiction to grant Defendants' Motion for Reconsideration and therefore the Order of October 11, 2011 will be vacated.

## III. DISCUSSION

"The mailing of a remand order divests the district court of jurisdiction when the remand is authorized by [28 U.S.C. §] 1447(c)." Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 159 (3d Cir. 1998). As the Third Circuit noted in Trans Penn Wax Corp. v. McCandless:

> The general rule is that a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to the state court. See Hunt v. Acromed Corp, 961 F.2d 1079, 1081 (3d Cir. 1992). This view is premised on both the language of § 1447(c) and (d) and the need to establish a determinable jurisdictional event after which the state court can exercise control over the case without fear of further federal interference. The district court is also barred from reconsidering its decision if the remand was under § 1447(c) and the case thereby falls under the bar of § 1447(d). See, e.g., New Orleans Public Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam); FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979) (per curiam). But the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing. Hunt, 961 F.2d at 1081 (citing Bucy v. Nevada Constr. Co., 125 F.2d 213 (9th Cir. 1942).

50 F.3d 217, 225 (3d Cir. 1995). Here, the Court remanded this case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c). This section provides in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). . . . A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Although the Motion to Remand in this case was untimely because it was first made orally at a hearing on August 2, 2011, which was about a week after the 30-day period had expired, the Court in its initial Opinion dated September 6, 2011 extended that period pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure for "excusable neglect." This extension did not change the fact that the Court was still remanding pursuant to § 1447(c). On September 7, 2011, the Clerk of this Court sent a certified copy of the remand Order to state court. Accordingly, this Court did not have jurisdiction to reconsider the Order remanding the case to state court once a certified copy of the Order was mailed, and the reconsideration Order must be vacated.

This decision may seem discomforting to Defendants because they desire to litigate their case in federal court and especially because the Court reconsidered and found no "excusable neglect " in the Opinion granting reconsideration. Defendants, however, will still have their day in court because they may defend this case in state court, as they have been doing since the certified copy of the September 6, 2011 Order granting remand was sent from the Clerk of this Court to the Court of Common Pleas of Philadelphia County. Attached to this Opinion as Exhibit "A" is a copy of the state court docket in this case. It shows that after September 9, 2011, when the Remand Order was received in state court, considerable case management was

undertaken. Moreover, the claim of legal malpractice asserted in this case is a state cause of action, which the state court may appropriately resolve.

As implicitly noted above in Trans Penn Wax Corp., no case should be bounced between state and federal court. 50 F.3d 217, 225. A determinable jurisdictional event is necessary so that "the state court can exercise control over the case without fear of further federal interference." Id. As noted, that event is the mailing of the certified copy of the remand Order to the clerk of the State court.

## IV. CONCLUSION

For the above reasons, the Court will vacate its Order granting the Motion for Reconsideration.